IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FRANCISCO LANZO,                          )
                                          )
            Petitioner,                   )
                                          )
      v.                                  )   C.A. No. 16-449 (MN)
                                          )
KOLAWOLE AKINBAYO, Warden and             )
ATTORNEY GENERAL OF THE STATE             )
OF DELAWARE,                              )
                                          )
            Respondents.[1]               )

## MEMORANDUM OPINION[2]


Francisco Lanzo. *Pro se* petitioner.

Kathryn Joy Garrison, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.


December 7, 2018
Wilmington, Delaware

---

[1]     Warden Kolawole Akinbayo has replaced former Warden Wesley, and original party to this case. *See* Fed. R. Civ. P. 25(d).

[2]     This case was re-assigned from the Honorable Gregory M. Sleet's docket to the undersigned's docket on September 20, 2018.

Noreika, United States District Judge

Pending before the Court is a Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 ("Petition") filed by Petitioner Francisco Lanzo ("Petitioner"). (D.I. 1). The State filed an Answer in opposition. (D.I. 9). For the reasons discussed, the Court will deny the Petition.

## I. BACKGROUND

On July 22, 2014, Petitioner pled guilty to second degree conspiracy, aggravated possession, and two counts of drug dealing in a Tier 4 quantity. *See Lanzo v. State*, 123 A.3d 938 (Table), 2015 WL 5120872, at *1 (Del. Aug. 28, 2015). The Superior Court sentenced him to a total of 19 years of Level V incarceration, suspended after 10 years for decreasing levels of supervision. (D.I. 9 at 2) The Delaware Supreme Court affirmed Petitioner's convictions on direct appeal. *See Lanzo*, 2015 WL 5120872, at *1.

In August 2016, Petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). (D.I. 9 at 2). The Superior Court denied the Rule 61 motion in November 2016. (D.I. 12-5 at 4). Petitioner did not appeal that decision.

## II. GOVERNING LEGAL PRINCIPLES

### A. The Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution of state and federal criminal sentences . . . and to further the principles of comity, finality, and federalism." *Woodford v. Garceau*, 538 U.S. 202, 206 (2003). Pursuant to AEDPA, a federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). AEDPA imposes procedural requirements and standards for analyzing the merits of a habeas petition in order to "prevent federal habeas 'retrials' and to ensure

1

that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

## B. Exhaustion and Procedural Default

Absent exceptional circumstances, a federal court cannot grant habeas relief unless the petitioner has exhausted all means of available relief under state law. *See* 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-44 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). The AEDPA states, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

The exhaustion requirement is based on principles of comity, requiring a petitioner to give "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 844-45; *Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000). A petitioner satisfies the exhaustion requirement by demonstrating that the habeas claims were "fairly presented" to the state's highest court, either on direct appeal or in a post-conviction proceeding, in a procedural manner permitting the court to consider the claims on their merits. *See Bell v. Cone*, 543 U.S. 447, 451 n.3 (2005); *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner's failure to exhaust state remedies will be excused if state procedural rules preclude him from seeking further relief in state courts. *See Lines v. Larkins*, 208 F.3d 153, 160

(3d Cir. 2000); *see Teague v. Lane,* 489 U.S. 288, 297-98 (1989). Although treated as technically exhausted, such claims are nonetheless procedurally defaulted. *See Lines,* 208 F.3d at 160; *Coleman v. Thompson,* 501 U.S. 722, 750-51 (1991). Similarly, if a petitioner presents a habeas claim to the state's highest court, but that court "clearly and expressly" refuses to review the merits of the claim due to an independent and adequate state procedural rule, the claim is exhausted but procedurally defaulted. *See Coleman,* 501 U.S. at 750; *Harris v. Reed,* 489 U.S. 255, 260-64 (1989). Federal courts may not consider the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. *See McCandless v. Vaughn,* 172 F.3d 255, 260 (3d Cir. 1999); *Coleman,* 501 U.S. at 750-51. To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, a petitioner must show that the errors during his trial created more than a possibility of prejudice; he must show that the errors worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

Alternatively, if a petitioner demonstrates that a "constitutional violation has probably resulted in the conviction of one who is actually innocent,"[3] then a federal court can excuse the procedural default and review the claim in order to prevent a fundamental miscarriage of justice. *See Edwards v. Carpenter,* 529 U.S. 446, 451 (2000); *Wenger v. Frank,* 266 F.3d 218, 224 (3d Cir. 2001). The miscarriage of justice exception applies only in extraordinary cases, and actual innocence means factual innocence, not legal insufficiency. *See Bousley v. United States,* 523 U.S.

---

[3]    *Murray,* 477 U.S. at 496.

614, 623 (1998); *Murray*, 477 U.S. at 496. A petitioner establishes actual innocence by asserting "new reliable evidence - - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - - that was not presented at trial," showing that no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. *Hubbard v. Pinchak*, 378 F.3d 333, 339-40 (3d Cir. 2004).

## III.   DISCUSSION

The sole ground for relief in Petitioner's timely filed habeas Petition alleges that the Superior Court violated the Double Jeopardy Clause when it imposed separate sentences for his aggravated possession of cocaine and drug dealing (cocaine) convictions. He contends that the convictions should have been merged for the purposes of sentencing. Petitioner raised this argument on direct appeal. After reviewing the argument only for plain error under Delaware Supreme Court Rule 8, the Delaware Supreme Court affirmed Petitioner's convictions and sentences, explaining that "a voluntary guilty plea waives any claim of a double jeopardy violation." *See Lanzo*, 2015 WL 5120872, at *1.

By applying the procedural bar of Rule 8's plain error standard, the Delaware Supreme Court articulated a "plain statement" under *Harris v. Reed* that its decision rested on state law grounds. In turn, Delaware Supreme Court Rule 8 is an independent and adequate state procedural rule precluding federal habeas review. *See Campbell v. Burris*, 515 F.3d 172, 182 (3d Cir. 2008). Thus, the Court cannot review the merits of Petitioner's double jeopardy claim absent a showing of cause for the default, and prejudice resulting therefrom, or upon a showing that a miscarriage of justice will occur if the claim is not reviewed.

Petitioner does not explicitly allege any cause for his default of his Double Jeopardy/sentence merger claim. To the extent Petitioner's reply should be liberally construed as alleging ineffective assistance of counsel as cause for his default (D.I. 15 at 2), the attempt is

4

unavailing. An attorney's error can constitute cause for a procedural default, but only if the petitioner first presented that ineffective assistance of counsel claim to the state courts as an independent claim and it was determined that the attorney's error amounted to constitutionally ineffective assistance. *See Murray*, 477 U.S. at 488-89. Although Petitioner's Rule 61 motion presented an ineffective assistance of counsel claim based on defense counsel's failure to mention the Double Jeopardy/sentence merger issue at sentencing, he did not present the argument to the Delaware Supreme Court because he did not file a post-conviction appeal. Consequently, this ineffective assistance of counsel allegation is itself procedurally defaulted,[4] and cannot excuse Petitioner's procedural default of the Double Jeopardy/sentence merger claim. *See Edwards v. Carpenter*, 529 U.S. at 453-54.

In the absence of cause, the Court need not address the issue of prejudice. *See Smith v. Murray*, 477 U.S. 527, 533 (1986). Nevertheless, Petitioner cannot demonstrate that he will suffer prejudice as a result of the Court's application of the doctrine of procedural default because, as set forth below, the record shows that the imposition of separate sentences did not violate the Double Jeopardy Clause. *C.f., Hodge v. United States*, 554 F.3d 372, 381 (3d Cir. 2009) (finding Hodge established prejudice because his defaulted arguments were non-frivolous).

The Double Jeopardy Clause prohibits "multiple punishments for the same offense,"[5] but "does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." *Missouri v. Hunter*, 459 U.S 359, 366 (1983). The traditional test for double jeopardy claims involving the charging of multiple offenses under separate statutes is the same-elements test set forth in *Blockburger v. United States*, 284 U.S. 299 (1932). Pursuant to

---

[4]     *See* Del. Super. Ct. Crim. Rule 61(i)(2).

[5]     *Ohio v. Johnson*, 467 U.S. 493, 498 (1984).

*Blockburger*, a court must analyze "whether each offense contains an element not contained in the other; if not, they are the 'same offense' and double jeopardy bars additional punishment and successive prosecution." *United States v. Dixon*, 509 U.S. 688, 696 (1993). The rule articulated in *Blockburger* is a "rule of statutory construction to help determine legislative intent;" the rule is "not controlling when the legislative intent is clear from the face of the statute or the legislative history." *Garrett v. United States*, 471 U.S. 773, 778-79 (1985). Consequently, "even if the crimes are the same under *Blockburger*, if it is evident that a state legislature intended to authorize cumulative punishments, a court's inquiry is at an end." *Johnson*, 467 U.S. at 499 n.8.

A defendant who knowingly and voluntarily pleads guilty waives any non-jurisdictional defenses and defects that arose before he entered his guilty plea, as well as certain constitutional rights (hereinafter referred to as the "guilty-plea waiver rule"). *See United States v. Broce*, 488 U.S. 563, 569 (1989); *Boykin v. Alabama*, 395 U.S. 238, 243 (1969). The Supreme Court has articulated an exception to guilty-plea waiver rule in the double jeopardy context if the plain language of the charging document demonstrates that a charge "is one which the State may not constitutionally prosecute." *Broce*, 488 U.S. at 575; *see also Menna v. New York*, 423 U.S. 61, 62 (1975). As explained by the Third Circuit, "[i]f an indictment does not raise Double Jeopardy concerns on its face," a claim alleging a violation of the Double Jeopardy Clause must be rejected "whether brought by collateral attack or direct appeal." *United States v. Pollen*, 978 F.2d 78, 84 (3d Cir. 1992).

Finally, pursuant to well-settled Delaware law, the State does not violate the Double Jeopardy Clause by indicting on separate charges of drug dealing and aggravated possession, because each offense requires proof of an element that the other does not.[6] *See Ayers v. State*,

---

[6]     As explained by the Delaware Supreme Court,

97 A.3d 1037, 1041 (Del. 2014). However, drug dealing and aggravated possession convictions

merge for sentencing purposes when the convictions are based on the same set of facts and cache

of drugs. *C.f. Landry v. State*, 128 A.3d 634 (Table), 2015 WL 168512, at *1 n. 2 (Del. Nov. 13,

2015) (noting that the convictions should be merged for sentencing because, "[i]n Landry's case,

as in Ayers', the same set of facts and cache of cocaine provided the basis for the two charges.").

Viewing the record in this case within the foregoing legal framework demonstrates that the

State had the constitutional authority to prosecute Petitioner for drug dealing and aggravated

possession. In turn, the record demonstrates that the Superior Court did not violate the Double

Jeopardy Clause by imposing separate sentences for Petitioner's drug dealing and aggravated

possession convictions. At the time of his arrest at Christiana Medical Center, Petitioner possessed

approximately 174 grams of cocaine on his person, which he intended to sell to a federal

undercover agent. (D.I. 12-6 at 8; D.I. 12-10 at 14). These facts satisfied all the elements of drug

dealing. *See supra* at 7 n.6. Petitioner had also hidden 97 grams of cocaine several miles away in

his friend's Homestead Road apartment. (D.I. 12-6 at 8; D.I. 12-10 at 14-15). These facts also

satisfied all the elements of aggravated possession of cocaine. *See supra* at 7 n.6. In other words,

---

> [t]he offense of Drug Dealing, 16 *Del. C.* § 4752(1), requires proof that the defendant delivered or possessed with the intent to deliver 20 or more grams of cocaine. The offense of Aggravated Possession, 16 *Del. C.* § 4752(3), requires proof that the defendant knowingly possessed 25 or more grams of cocaine. In other words, Drug Dealing requires an intent to deliver a smaller quantity of cocaine, whereas Aggravated Possession requires only possession, but of a larger quantity of cocaine.

*Ayers*, 97 A.3d at 1041. More specifically, a person is guilty of drug dealing when he "[m]anufactures, delivers, or possesses with the intent to manufacture or deliver a controlled substance in a Tier 4 quantity," 16 Del. C.§ 4752(1), with a "Tier 4 Controlled Substance Quantity" meaning, among other things, "20 grams or more of cocaine or any mixture containing cocaine." 16 Del. C. § 4751C(2)a. In turn, a person is guilty of aggravated possession when he "[p]ossesses a controlled substance in a Tier 5 quantity," 16 Del. C. § 4752(3), with a "Tier 5 Controlled Substance Quantity" meaning, among other things, "25 grams or more of cocaine or of any mixture containing cocaine." 16 Del. C. § 4751C(1)a.

Petitioner's convictions were based on two separate quantities of cocaine in two separate locations, only one of which Petitioner intended for immediate delivery. As a result, Petitioner has failed to establish the prejudice necessary to overcome his procedural default.

Finally, the miscarriage of justice exception to the procedural default doctrine does not excuse Petitioner's default, because Petitioner has not provided new reliable evidence of his actual innocence. Accordingly, the Court will deny the Petition as procedurally barred from habeas review.

## IV. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 petition, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a "substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If a federal court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.*

The Court has concluded that the instant Petition fails to warrant federal habeas relief, and is persuaded that reasonable jurists would not find this conclusion to be debatable. Therefore, the Court will not issue a certificate of appealability.

## V.    CONCLUSION

For the reasons stated, the instant Petition for habeas relief pursuant to 28 U.S.C. § 2254 is denied without an evidentiary hearing or the issuance of a certificate of appealability.    An appropriate Order shall issue.